# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 31, 2023

Clerk - Northern District of Georgia
Richard B. Russell Bldg & US Courthouse
2211 UNITED STATES COURTHOUSE
75 TED TURNER DR SW
STE 2211
ATLANTA, GA 30303-3309

Appeal Number: 23-11492-E
Case Style: John Morgan, Jr. v. Warden, Dooly State Prison
District Court Docket No: 1:20-cv-00134-SDG

LIMITED REMAND

Enclosed is a copy of a **CORRECTED** order remanding this appeal on a limited basis for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

This appeal will be held in abeyance in this court pending disposition of limited remand proceedings in your court.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

CLK-3 DC Letter with Ltd Remand order

CORRECTED ORDER

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11492

_____

JOHN WESLEY MORGAN, JR.,

                                                       Petitioner-Appellant,

*versus*

WARDEN, DOOLY STATE PRISON,

                                                       Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-00134-SDG

_____

Before ROSENBAUM and LUCK, Circuit Judges.

| 2 | Order of the Court | 23-11492 |

BY THE COURT:

John Wesley Morgan, Jr., is a Georgia prisoner serving a life sentence with possibility of parole for felony murder. In January 2020, he filed the instant 28 U.S.C. § 2254 petition, raising four claims. After Morgan objected to the magistrate judge's report and recommendation ("R&R") recommending denying the petition and a certificate of appealability ("COA"), the district court overruled those objections, adopting the R&R and denying a COA. Morgan then filed a motion for a COA, seeking to raise five claims. The district court issued an order vacating in part its previous order denying a COA, stating that "a COA is GRANTED with regard to Petitioner's claims," citing to Morgan's motion for a COA.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the COA must indicate the issue on which the petitioner made a substantial showing of the denial of a constitutional right. *See id.* § 2253(c)(3), *cross-referencing* § 2253(c)(2).

Where the district court has denied a habeas petition in whole or in part on procedural grounds, a movant seeking a COA must show that jurists of reason would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We have clarified that a COA "must specify what constitutional issue jurists

Case 1:20-cv-00134-SDG   Document 58   Filed 10/31/23   Page 4 of 4
USCA11 Case: 23-11492   Document: 16-2   Date Filed: 10/27/2023   Page: 3 of 3

23-11492                Order of the Court                3

of reason would find debatable.  Even when a prisoner seeks to appeal a procedural error, the certificate must specify the underlying constitutional issue." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*).  The failure to specify the constitutional issue "will result in the vacatur of the certificate." *Id*. at 1138.

Here, although the district court stated that it granted a COA as to Morgan's claims, it did not specify on which claims it granted a COA.  Further, the district court did not provide any analysis as to why a COA was warranted, where it made no reference to whether Morgan made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Also, because it is unclear on which claims the district court granted a COA, it is unclear whether any of the claims rely in whole or in part on a procedural ground, which would require a showing of an underlying constitutional issue.  *Slack*, 529 U.S. at 484; *Spencer*, 773 F.3d at 1138.

Accordingly, the district court's grant of a COA is VACATED, and this case is hereby REMANDED for the limited purpose of allowing the district court to reissue its COA order to specify on which claims a COA was granted, whether those claims involve a substantial showing of the denial of a constitutional right, and, to the extent any claim relies on a procedural ground, whether there is an underlying constitutional issue in line with *Spencer*.