# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOHN WESLEY MORGAN, JR.,
   Petitioner,

v.

AIMEE SMITH,
   Respondent.

Civil Action No.
1:20-cv-00134-SDG

## OPINION AND ORDER

This case is before the Court on Respondent Aimee Smith's motion for reconsideration of the Court's September 25, 2024 Order granting Petitioner John Wesley Morgan, Jr. a certificate of appealability as to his ineffective assistance of counsel claim [ECF 62]. After careful consideration, Smith's motion is **DENIED**.

**I.**    **Background**

The background of this habeas petition is well documented in the Final Report and Recommendation (R&R) issued by United States Magistrate Judge Christopher C. Bly on February 10, 2023.[1] Morgan is an inmate at Dooly State Prison in Unadilla, Georgia. At the time of filing, Smith was the warden at Dooly.

In 2015, Morgan pled guilty to felony murder in the Superior Court of Henry County, Georgia, and was sentenced to life imprisonment with the possibility of parole. Morgan did not file a direct appeal. Subsequently, in 2017, Morgan filed a

---

[1]   ECF 40.

petition for writ of habeas corpus in the Superior Court of Dooly County, Georgia, raising (among others) a claim for ineffective assistance of counsel (IAC), based on his trial counsel's alleged failure to advise him that, under the life sentence he would receive, he would not be eligible for parole until after 30 years. After an evidentiary hearing, the state habeas court denied Morgan's petition, and the Georgia Supreme Court denied Morgan's application for a certificate of probable cause.

Morgan then filed the instant 28 U.S.C. § 2254 habeas petition in this Court, once again raising the IAC claim, as well as several others. The R&R noted that the state habeas court denied Morgan's IAC claim on the merits, having found that Morgan's counsel informed him of his parole eligibility before entering his plea, and that Morgan's counsel attempted to persuade him not to plead guilty and to proceed to trial, where he could advocate for manslaughter or self-defense—all of these findings were supported by testimony from Morgan's counsel. The R&R therefore concluded that the state habeas court's ruling did not involve an unreasonable application of the facts or law and recommended that Morgan's IAC claim be denied. The R&R also recommended that a certificate of appealability (COA) be denied.

In March 2023, undersigned adopted the R&R as the Order of this Court, overruling Morgan's objections.[2] Undersigned also denied a COA.[3] Morgan then filed a motion for a certificate of appealability, an application to appeal *in forma pauperis* (IFP), and a notice of appeal.[4] Upon review of Morgan's IFP application, undersigned vacated the denial of a COA but left the remainder of the March 2023 Order intact.[5] On a limited remand from the Eleventh Circuit, undersigned clarified that the COA was granted only as to Morgan's IAC claim.[6] Morgan's appeal is currently pending.[7]

Back in this Court, Smith moved for reconsideration of the grant of a COA.[8] In her motion, Smith argues that Morgan failed to show that reasonable jurists could debate that his petition should have been resolved in a different manner, as required to issue a COA.[9] Morgan did not file an opposition.

---

[2]   ECF 43.

[3]   *Id.* at 14.

[4]   ECFs 45, 47, 50. Morgan also filed an application for a COA in the Eleventh Circuit, which construed the application as a notice of appeal and forwarded it to this Court for filing in this case. ECF 46.

[5]   ECF 56, at 4.

[6]   ECF 60.

[7]   *See Morgan v. Warden, Dooly State Prison*, Case No. 23-11492 (11th Cir.).

[8]   ECF 62.

[9]   *See generally id.*

## II. Applicable Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Such motions should be filed only when "a party believes it is absolutely necessary." *Id.* To prove necessity, the movant must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Parties may not use motions for reconsideration to show the Court how it "could have done better." *Bryan*, 246 F. Supp. 2d at 1259 (citing *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996)).

## III. Discussion

This Order will proceed in two parts: first, whether this Court has jurisdiction to consider Smith's motion for reconsideration while Morgan's appeal is pending; and second, whether Smith has shown that this Court committed a clear error of law in granting Morgan a COA as to his IAC claim.

4

### A. This Court has jurisdiction to consider Smith's motion for reconsideration.

At the outset, it is not immediately clear that this Court has jurisdiction to consider Smith's motion for reconsideration. "It is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case." *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, Fed. R. App. P. 4(a)(4)(B)(i) also provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Rule 4 in turn provides that certain timely motions under Fed. R. Civ. P. 50(b), 52(b), 54, 59, or 60 toll the time to appeal. Fed. R. App. P. 4(a)(4)(A).

Smith's motion is styled as a motion for reconsideration, without reference to any procedural authority. But in the Eleventh Circuit "nomenclature . . . is not controlling," and "[a]ll a rule 59 motion need do is request relief which may be granted." *United States v. E. Air Lines, Inc.*, 792 F.2d 1560, 1562 (11th Cir. 1986). Similar to *Eastern Air Lines*, Smith requested that this Court change its order and deny Morgan a COA—"relief cognizable by rule 59." *See id.* (holding that the plaintiff's motion for reconsideration of the district court's grant of summary judgment was a proper Rule 59(e) motion that tolled the time to appeal); *see also*

5

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). Smith's motion was filed within 28 days of undersigned's September 25, 2024 Order granting Morgan a COA as to his IAC claim and was therefore timely.[10] Fed. R. Civ. P. 59(e); *see also* LR 7.2(E), NDGa (requiring motions for reconsideration to be filed within 28 days after entry of the order or judgment). Accordingly, undersigned concludes that this Court has jurisdiction to consider Smith's motion for reconsideration.

> **B.   Smith has not shown that this Court committed a clear error of law in granting Morgan a COA as to his IAC claim.**

"To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (cleaned up). However, "a claim can be debatable even though every jurist of reason might agree, after the COA has

---

[10] Undersigned initially granted Morgan a COA in an Order dated June 12, 2023. ECF 56. However, the June 2023 Order was subsequently vacated by the Eleventh Circuit and remanded for the limited purpose of reissuing the COA order to specify on which claims the COA was granted, which undersigned issued on September 25, 2024. ECFs 58, 60.

been granted and the case has received full consideration, that petitioner will not prevail." *Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1323 (11th Cir. 2006) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)). So, for Morgan to properly obtain a COA as to his IAC claim, he must be able to show that reasonable jurists could debate whether his corresponding § 2254 habeas petition should have been resolved differently.

### 1. The *Strickland* Test for IAC as Applied to Morgan's § 2254 Habeas Petition

The Supreme Court has explained that "the right to counsel is the right to the effective assistance of counsel," and in certain cases counsel can "deprive a defendant of the right to effective assistance, simply by failing to render 'adequate legal assistance.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980)). Under *Strickland*, to prevail on his IAC claim Morgan must show that (1) his counsel's performance was deficient, and (2) he suffered prejudice as a result of that performance. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). As to the first prong, "[t]here is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Id.* As to the second prong, in the guilty plea context Morgan must show that "there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Section 2254 adds an additional gloss to the *Strickland* standard in that, where both apply (as they do here), "they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

At this point, it bears repeating that this Court has already denied Morgan's habeas petition on this exact basis: in the March 31 Order adopting the R&R, undersigned concluded that Morgan had not shown that the state habeas court applied *Strickland* in an unreasonable manner.[11] This holding was not altered by the subsequent litigation regarding Morgan's COA. In granting a COA, undersigned answered the narrow question of whether reasonable jurists could debate whether Morgan's petition should have been resolved in a different manner. In considering Smith's motion, the Court is presented with the even narrower question of whether undersigned made a clear error of law in answering that question in the affirmative.

---

11   ECF 43, at 9.

### 2. No Clear Error of Law

Nothing in Smith's motions establishes a clear error of law. Rather, the motion simply attempts to relitigate the COA. *See Smith v. Ocwen Fin.*, 488 F. App'x at 428 ("A motion for reconsideration cannot be used to relitigate old matters."). Undersigned granted the COA on the ground that Morgan made a substantial showing that his trial counsel failed to properly advise him that, by pleading guilty and being sentenced to life with the possibility of parole, he would have to serve thirty years in prison, because his attorney never explained the details of the sentence and Morgan therefore did not understand the implications of pleading guilty.[12] There is testimony from Morgan's trial counsel in the state court record that *could* support this contention:

> [The State of Georgia] Q. Now, once it became clear to you that Mr. Morgan wanted to plead guilty, did you explain to him the rights he would be waiving by pleading guilty?
>
> [Counsel] A. To tell you the truth, I don't remember. I don't remember. Actually, I don't remember.
>
> . . . .
>
> [Morgan] Q. Okay, [counsel], if you did tell me that I had to do 30 years with my background and my educational level and my comprehension level, do you think I fully understood that I had to do a whole 30 before I was eligible for parole?

---

[12] ECF 60, at 1.

> [Counsel] A. I don't know the answer to that.
>
> Q. Because I didn't understand that.
>
> . . . .
>
> Q. I thought I would parole out in 10 years; I didn't know I was going to have to do a whole mandatory 30 before I was paroled. You never said that.
>
> A. Well —
>
> Q. You never said that.[13]

The state habeas court ultimately found that counsel informed Morgan of his parole eligibility before entering his guilty plea, based on additional testimony from counsel that the court found credible.[14] The R&R and undersigned both agreed that the state habeas court's finding was supported by evidence and was not an unreasonable application of the *Strickland* standard for IAC claims.[15] That is why this Court denied Morgan's habeas petition.[16]

However, undersigned acknowledged at the time that there is some daylight between a 30-year sentence with parole eligibility and a life sentence with

---

[13] ECF 39-1, at 23:20–24, 26:17–23, 28:5–10. The state habeas court excused Morgan's trial counsel after this exchange, though there is no indication in the transcript that counsel disputed this assertion. *Id.* at 28:11–21.

[14] ECF 24-5, at 5–6. That testimony is reprinted in the R&R. ECF 40, at 5–6.

[15] ECF 43, at 7–9.

[16] *See generally id.*

parole eligibility after 30 years.[17] In the context of a § 2254 habeas petition, this is not enough to satisfy the "doubly deferential form of review" owed to state courts in IAC cases, because there is at least one "reasonable argument that counsel satisfied *Strickland*'s deferential standard," *Gissendaner*, 735 F.3d at 1323, as Morgan's counsel testified that he told Morgan, in an attempt to dissuade him from pleading guilty to felony murder, that "if you get convicted, it's life and it's a mandatory 30."[18] But in considering the separate question of whether reasonable jurists could debate whether Morgan's petition should have been resolved in a different manner, undersigned concluded that this distinction, albeit small, ***could*** lead reasonable minds to differ.

Smith's motion does nothing to change this conclusion. Indeed, Smith presents no authority for the proposition that this conclusion was clearly erroneous. The motion simply rehashes the procedural history of this case and asserts that Morgan has not demonstrated that reasonable jurists could debate these issues. Accordingly, undersigned declines to reconsider the September 25, 2024 Order granting Morgan a COA as to his IAC claim.

---

[17] *See id.* at 8–9.

[18] ECF 39-1, at 20:15–16.

### IV. Conclusion

Smith's motion for reconsideration [ECF 62] is **DENIED**. This case shall remain closed.

**SO ORDERED** this 16th day of June, 2025.

                              Steven D. Grimberg
                          United States District Judge